KITCHENS, Justice,
Dissenting:
¶ 46. I write separately to express my disagreement with the majority’s finding of harmless error respecting Shawn States’s third assignment of error, namely, whether the trial court erred in granting the prosecution’s jury instruction on unexplained flight.[41]
¶ 47. “[Fjlight generally is admissible as evidence of consciousness of guilt.” Liggins v. State, 726 So.2d 180, 183 (Miss.1998) (citing Fuselier v. State, 702 So.2d 388, 390 (Miss.1997)). A flight instruction is “appropriate only where that flight is unexplained and somehow probative of guilt or guilty knowledge.” Id. (citing Fuselier v. State, 468 So.2d 45, 56-57 (Miss.1985)). As the majority aptly states, a flight instruction is given in the following instances: “(1) Only unexplained flight merits a flight instruction[;] (2) Flight instructions are to be given only in cases where that circumstance has considerable probative value.” Brown v. State 690 So.2d 276, 294 (Miss.1996) (quoting Banks v. State, 631 So.2d 748, 751 (Miss.1994); Pannell v. State, 455 So.2d 785, 788 (Miss.1984)). The majority concedes “[njeither prong of the test is met here.” Maj. Op. at ¶ 36.
¶ 48. The trial court allowed the flight instruction based on the following: After Justin Howard and Antoine Reece were shot, States took the car belonging to Reece, along with the credit cards of both Howard and Reece, and left for the Miami, Florida, area, where he was arrested at the home of Arianna Torrenegra. According to States, the purpose of the trip was to visit Torrenegra, his then-girlfriend, who was scheduled for an imminent military deployment to Iraq. Thus, States provided an explanation for his trip to Miami, Florida. Furthermore, as the majority acknowledges, “[Djriving the car to Miami in the absence of any evidence of a pursuit, or States’s belief that he was about to be discovered, renders a flight instruction almost void of any probative value in this case.” Maj. Op. at ¶ 37. Yet, despite the absence of a factual basis for the trial court’s having given the flight instruction, the majority finds this error to be harmless in light of “the overwhelming evidence of States’s guilt.” Maj. Op. at ¶ 38.
¶ 49. This Court “will set aside a jury’s verdict if the jury was improperly instructed, misled, confused, or ignores the weight of the evidence.” Jackson v. Daley, 739 So.2d 1031, 1039 (Miss.1999) (citing McKinzie v. Coon, 656 So.2d 134, 142 (Miss.1995)). “A new trial may be granted in a number of circumstances, such as when the verdict is against the overwhelming weight of the evidence, or when the jury has been confused by faulty jury instructions, or when the jury has departed from its oath and its verdict is a result of bias, passion, and prejudice.” Poole ex rel. Wrongful Death Beneficiaries of Poole v. Avara, 908 So.2d 716, 726-27 (Miss.2005).
¶ 50. The majority holds that this jury was improperly instructed, yet affirms the jury’s verdict. It is impossible for this Court to know whether the jury was unduly influenced or confused by the erroneous *761 flight instruction. To conclude that the defendant was not prejudiced as a result of the improper instruction is purely speculative. Accordingly, the proper disposition in the instant case is to reverse and remand the case for a new trial.

. It is noteworthy that the flight instruction, as given to the jury, does not appear in the record. Only the jury instructions refused or withdrawn appear in the record before this Court.